FILED

MAY 16 2012

DAVID CREWS CLERK
BY_____ Deputy

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | Northern |
|---|---|---|

Name (under which you were convicted): **GLENN E. GROSE**
Docket or Case No.: **3:12CV046-M-S**

Place of Confinement: **Mar. Co. Corr. Facility**
Prisoner No.: **93456**

Petitioner (include the name under which you were convicted): **GLENN E. GROSE**
v.
Respondent (authorized person having custody of petitioner): **WARDEN J.J. STREETER**

The Attorney General of the State of **MISSISSIPPI / JIM HOOD**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Lafayette County Circuit Court / Oxford, Ms. / Honorable Judge Andrew K. Howorth**

   (b) Criminal docket or case number (if you know): **2008-KA-01761-COA**

2. (a) Date of the judgment of conviction (if you know): **10/7/2008**

   (b) Date of sentencing: **October 7, 2008**

3. Length of sentence: **Life x3 / 10 years Consecutively**

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: **As a habitual offender to (3) counts of sexual battery; and one count of child neglect**

6. (a) What was your plea? (Check one)

   (1) Not guilty ☑         (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐             (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
Yes ☑ No ☐

9. If you did appeal, answer the following:
(a) Name of court: Miss. Court of Appeals
(b) Docket or case number (if you know): 2008-KA-01761-COA
(c) Result: Affirmed
(d) Date of result (if you know): 9/14/2010
(e) Citation to the case (if you know): ???
(f) Grounds raised: ① Did the trial court Err by allowing into evidence the forensic interview of (AB); ② The trial court erred by not allowing the defense to cross-examine Gloria Beccerill; ③ The trial court erred when it did not grant a mistrial; ④ the trial court erred when it allowed the state to amend indictment; ⑤ there was insufficient evidence to convict Petitioner

(g) Did you seek further review by a higher state court? Yes ☑ No ☐

If yes, answer the following:
(1) Name of court: Miss. Supreme Court
(2) Docket or case number (if you know): 2008-CT-01761-SCT
(3) Result: Writ of Certiorari was granted, then later denied by the Miss. Sup. Court
(4) Date of result (if you know): Granted on 9/8/2011, Denied on 2/16/12
(5) Citation to the case (if you know): ???
(6) Grounds raised: ① the trial court erred by allowing into evidence the forensic interview of (AB); ② the trial court erred by not allowing defense to cross-examine state's witness, Gloria Beccerill; ③ the trial court erred when it did not grant mistrial regarding the testimony of Camelia Fondren; ④ the trial court erred when it allowed the State to amend indictment; ⑤ there was insufficient evidence to convict Glenn Grose; ⑥ Petitioner asserts that he is entitle to dismissal of charges.

(h) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____ N/A _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____ N/A
        (4) Nature of the proceeding: _____
        (5) Grounds raised: _____

        _____

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
            Yes ☐  No ☑
        (7) Result: _____
        (8) Date of result (if you know): _____

    (b) If you filed any second petition, application, or motion, give the same information:
        (1) Name of court: _____
        (2) Docket or case number (if you know): _____ N/A
        (3) Date of filing (if you know): _____
        (4) Nature of the proceeding: _____
        (5) Grounds raised: _____

_____
_____ N/A
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐  No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____
   (2) Docket or case number (if you know): _____
   (3) Date of filing (if you know): _____ N/A _____
   (4) Nature of the proceeding: _____
   (5) Grounds raised: _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   Yes ☐  No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:    Yes ☑  No ☐
   (2) Second petition:   Yes ☐  No ☐
   (3) Third petition:    Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____
_____ N/A
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION</u>: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Whether the State Court's decision on the tender-years exception claim involved an unreasonable application of federal law.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State Court applied the standard for determining Sixth Amend. Confrontation violation, and decided the claims by misapplying the factors to determine the violation. Where the state Court did not acknowledge the scenario of the witnesses who watched the interview in person or who examined the tape, and held the questioning improper.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 
Name and location of the court where the motion or petition was filed: N/A
Docket or case number (if you know): 
Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?
Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Writ of Certiorari to Miss. Supreme Court, and now on Habeas Corpus

**GROUND TWO:** The trial court erred by finding that the interview statements of (AB) contained sufficient indicia of reliability. (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Based on certain factors regarding this issue, the trial court erred by carefully viewing the record for and with facts, where according to numbers 5, 6, 10, and 11 of the factors, the statements were not reliable for the purposes of truth or trustworthiness.

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A_

(c) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☑ No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        Yes ☐ No ☑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _N/A_

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐ No ☑

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☐ No ☑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _N/A_

    Date of the court's decision: _N/A_

    Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Writ of Certiorari to Miss. Supreme Court

**GROUND THREE:** Whether Carnelia Fondren's testimony should have been excluded for bolstering testimony of Krystal Jordan

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The testimony of Camelia Fondren bolstered the testimony of her client Krystal Jordan, based on the fact that Jordan was given a plea deal for her testimony against petitioner and co-defendant's, where Jordan had motive to lie in her testimony about alleged events.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☒ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?
  Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?
  Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
  Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Miss. Supreme Court, on Writ of Certiorari

**GROUND FOUR:** Whether there was constitutional trial error that had a substantial and injurious effect on jury's verdict.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Grose's Sixth Amend. Right of Confrontation was violated, and based on the fact that the violation was allowed to go to the jury as sufficient evidence (interviewed statements) without being cross-examined, the jury took this as the State possessing 'sufficient' evidence to prove its case.

(b) If you did not exhaust your state remedies on Ground Four, explain why: _This type of ground can only be brought on collateral relief_

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _Same as above_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _Petitioner is now bringing the claim on habeas corpus petition._

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☐  No ☒

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _Grounds 4 and 5; because ground 4 can only be brought on habeas, and ground five has never been presented by either petitioner's lawyer or past motions._

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _Same as above_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐  No ☒

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

 *N/A*

Continuance of page #12

Ground Five: Whether petitioner should be awarded an evidentiary hearing

Facts supporting claim: petitioner deserves a hearing on these claims where evidence has been presented to indicate that the interview of the alleged victim was not properly conducted, and where other evidence conducted indicates that hearsay unreliable testimony was given to the jury for consideration in the case.

15. Do you have any petition or appeal <u>now pending</u> (filed and <u>not</u> decided yet) in any court, either state or federal, for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ N/A _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: J. Carmean

    (b) At arraignment and plea: J. Carmean

    (c) At trial: J. Carmean

    (d) At sentencing: J. Carmean

    (e) On appeal: Joshua A. Turner

    (f) In any post-conviction proceeding: Pro se

    (g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐ (if need be)

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The one year limitation period applies to this Writ of Habeas Corpus Application where Petitioner is in custody pursuant to the judgement of the Miss. Court of Appeals, which the judgement iniatiated from the Lafayette County Circuit Court. The limitation period started on which Petitioner's judgement became final by conclusion of direct review in the Miss. Court of Appeals / Miss. Supreme Court, which his one-year time period initiated from the date his Writ of Certiorari was denied by the Miss. Suprem Court.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _remand his case back to the Miss. Supreme Court with specific orders to reverse its judgement on const. grounds_ or any other relief to which petitioner may be entitled.

_____/s/ Moore #93456_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __5-10-12__
X_____ (month, date, year).

X Executed (signed) on __/s/ Moore #93456__ (date).
5/10/2012

_____/s/ Moore #93456_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. __N/A__

* * * * *

