IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GLENN E. GROSE                                                                    PETITIONER

V.                                                              CIVIL ACTION NO.3:12CV46-MPM-DAS

WARDEN J.J. STREETER, et al.                                                  RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition in this case because Glenn Grose, the petitioner, failed to exhaust his state court remedies as to one of his five grounds. No writ of habeas corpus can be granted "unless it appears that ... the applicant has exhausted the state remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). Grose admits that Ground Four was not presented to the highest state court and is, therefore, unexhausted. Grose's petition is therefore a "mixed petition," containing both exhausted and unexhausted claims. The court must either dismiss mixed petitions, allowing the petitioner to return to state court and exhaust remedies, or it may allow the petitioner to amend the petition to delete any unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

The petitioner responded to the motion to dismiss by moving for leave to amend to withdraw Ground Four, but he also seeks a stay and abeyance as to Ground Four. Grose requests a stay so that he may exhaust his state court remedies on this ground and then return to this court. Under limited circumstances a federal court may stay a case pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005). Stay and abeyance can be considered where, as here, a subsequent federal habeas filing will be time barred. Because the routine granting of

stays would undermine the requirement of complete exhaustion, *Id.* at 277, the petitioner must show good cause to excuse his failure to exhaust state court remedies prior to filing in federal court. Grose makes no showing of good cause nor does he make any excuse for his failure to exhaust his state court remedies on this one ground. He, therefore, fails to show the exceptional circumstances necessary to justify granting a stay of this action.

The undersigned, therefore, recommends as follows:

1. That the petitioner's motion to amend the petition to delete Ground Four be granted;

2. That the petitioner's request for stay and abeyance to allow exhaustion of state court remedies on Ground Four be denied; and

3. That with Ground Four removed from the petition, the motion to dismiss should be found to be moot.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph

may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

       SO ORDERED this the 11th day of July, 2013.

                                        /s/ David A. Sanders  
                                        UNITED STATES MAGISTRATE JUDGE