**FILED**
SEP 27 2013
DAVID CREWS, CLERK
BY_____ Deputy

IN The United State District Court
For the Northern District of Mississippi
Oxford Division

Glenn E. Grose, #93456                    Petitioner

Vs.                        No. 3:12-CV-00046-MPM-DAS

Warden Timothy Outlaw and                 Respondents
Attorney General of the State of Mississippi

### Traverse and Motion for Judgment On Pleadings

Come Now Glenn E. Grose, the Petitioner in the above Styled and foregoing Federal habeas Corpus action and Presents his traverse and motion for Judgment On Pleading to the answer and return filed by the State of Mississippi.

This traverse and motion is filed Pursuant to 28 U.S.C. Section §2248 which Provides:

The allegation in a return to the Writ of habeas Corpus or of an answer to an Order to Show Cause In a hebeas Corpus Proceeding if Not traversed Shall be accepted as true, except to the extent that the Judge finds from the evidence that they are Not true.

Petitioner Presents the following as his traverse and in Support of his Motion for Judgment on Pleading in regard to the return filed by respondent.

-Page-1-

## Section A

**I.**

The respondent have admitted allegations in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of the Petition. Jurisdiction is admitted and therefore there is no dispute in regards to jurisdiction in this matter.

**II**

Respondent have denied the allegations in Paragraphs 12 and 13 of the Petition. Particularly the allegations in 1 thru 5 as well as the arguments in Support there of.

**III**

Respondent admit the allegations contained in Paragraphs 13, 14, 15, 16, and 17 of the Petition.

**IV**

Respondent denied the claim that Petitioner is entitled to the relief requested in the instant Petition, further respondent denied that the Petitioner is entitled to any relief whatsoever.

## Section B
### Scope of Review

Respondent Submitted that the Scope of review on habeas Corpus is controlled by the Provisions of the A.E.D.P.A. act of 1996 Codified in 28 U.S.C. 2241 et seq. Respondent Submits that the Provisions of the habeas Corpus Statute apply to the Present Petition and will be Specifically cited infra.

Petitioner would agree with this assertion and Point of law.



-Pge-2-

## Section C
## Affirmative Defenses

A) Respondent have opposed the Jurisdiction of this Court Over the Parties or the Subject matter. Petitioner totally disagrees with such assertion and would urge that this Court does have Jurisdiction Over the Parties of this action as well as the Subject matter. Such Jurisdiction being found upon 28 U.S.C. Section 2244 and 28 U.S.C. 2254.

B) Respondents asserted that the individual grounds raised by Petitioner fail to state a claim upon which relief can be granted. Respondent states no law or authority under this Section which would support such an assertion. Petitioner would urge that the claim set out in the Petition clearly sets forth claims upon which relief may be granted the claims are grounds that are genuine.

C) Respondents assert that the grounds cited for relief in the Petition are Precluded from Federal Consideration in that such grounds rest upon independent and adequate state law grounds. Petitioner would assert to this Court that Such Claims are Not Precluded from Federal review, as will be shown by the case law Set forth by Petitioner in this traverse. More over, and again respondents have not put forth any law or authorities to support this assertion.

-Pge-3-

D). Respondent asserted that the grounds cited for relief in the Petition are precluded from federal consideration on the contention that such rests upon reasonable application of clearly established federal law as determined by the Supreme Court of the U.S. and reasonable determination of the facts in light of evidence presented in the State Court Proceedings. This is a routine and form argument presented by the respondent in every federal habeas Corpus Proceeding which Challenges a a State Court Conviction. Again Petitioner would assert to this Court that such claims as presented in this action are not Precluded from federal review. As will be shown by the Case law Set forth by Petitioner in this traverse. Moreover, respondents have not put forth any law or authorities to support this assertion.

E). Finally under this Section respondents asserted that the grounds given for relief are without merits, the merits of this traverse will be shown by Petitioner in the subsequent Parts of this Pleading. The claims presented in the Petition are meritorious and warrents relief under the law.

Affirmative Matters Pursuant to Rule 5

1. Petitioner would agree that he was at the time of the filing of this action, and untill such time as his conviction and Sentence is legally vacated and Set aside by a Court of law with competent Jurisdiction.

is lawfully in the Custody of Christopher Epps Commissioner of M.D.O.C. and Timothy Outlaw Warden of Marshall County Correctional Facility (M.C.C.F.) 833 West Street Holly Springs MS. 38635. Petitioner after being Convicted of Sexual Battery, gratification of lust and Child neglect and was Subsequently Sentenced to two life Sentences with two (2) ten year Sentences to run Consecutive to the life under the enhancement Provision of Miss. law Pursuant to M.C.A. section 99-19-81

Petitioner direct Appeal to the Miss. Supreme Court fell upon deaf ears and was routinely affirmed by the Mississippi Court of appeals on the 9 17 2010. The Court of appeals Subsequently reconsideration 6-7-2011. Petitioner filed Writ of Certiorari was filed in this Case and was denied by order of Court of appeals.

Standard of Review

The Standard of review that a Federal Court applies to a State Court decision under habeas review is Contained in 28 U.S.C. 2254 it Provides:

(D) An application for a Writ of habeas Corpus On behalf of a Person in custody Pursuant to the Judgment of a State Court Shall not be granted with respect to any claim that was Adjudicated On the merits in State Court Proceeding unless the adjudication of the Claim.

— Page-5-

1.) Resulted in a decision that was Contrary to or involved a unreasonable application of Clearly established federal law as determined by the Supreme Court of the United States, or
2.) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence Presented in the State Court Proceeding 28 U.S.C. 2254 (d). Under this Provision, where the State Court adjusticated the Petitioners Claims On the merits this Court reviews questions of facts under 2254 (d)(2) while questions of law or mixed questions of law and facts are reviewed under 2254 (d)(1) Factual finding are Presumed to be Correct and the reviewing Court defers to the State Courts decision regarding factual determinations unless the decision was based on an unreasonable determination of facts in light of the evidence Presented In the State Court Proceedings Hill v. Johnson 210 F. 3d 481, 485 (5th Cir. 2000) 28 U.S.C. §2254 (d)(2) The federal Court is required to Independently review questions of law and mixed questions of law and fact to deter- -mine weather the State Courts decision there on was either "Contrary to" or an unreasonable application of federal law. William v. Taylor 529 U.S. 362 (2000) William v. Puckett 283 F. 3d 272 (5th Cir. 2002) Hill v. Johnson 210 F. 3d at 485

— Pge-5—

Statement of the Case

In the year of 2008 October 14th Petitioner Glenn E. Grose and two Co-defendants were tried in the Lafayette County Circuit Court Oxford Mississippi for (3) Counts of Sexual Battery and Child Neglect. Where the Honorable Judge Andrew K. Howorth Presiding. After a Jury trial, Petitioner and Codefendants were found guilty on all Charges and was Subsequently Sentenced to life for each Charge of Sexual battery and Ten (10) years for each Charge of Child neglect to run Consecutively to the life Sentences. Petitioner and Codefendants was sentences under the Provision of the Enhancement Statute M.C.A. §99-19-81 and or 99-19-83.

Petitioner being aggrieved by the Judgment, Petitioner filed Direct Appeal to the Mississippi Court of appeals "see" <u>Original Motion and records for grounds argued On direct appeal.</u> On 9-14-2010 the Court of appeals affirmed the trial Court Judgment. holding that the Verdict was not Contrary to the weight of the evidence. Overwhelming weight of the Evidence. Also the Court held that it would not disturb the Jury's Verdict because the issue were without Merits "See" <u>Exhabit - B Page 23 of Court records.</u>

Petitioner filed for rehearing that was denied on 5-27 2011 /see Exhabit #C of Court records.

The Court held that the motion was not well taken.

-Pge-6-

Petitioner Moved to file for Writ of Certiorari in the Mississippi Supreme Court On the issues and numorous violations that happend during trial and on direct appeal "See Exhabit #D In original motion. The Miss. Supreme Court granted the writ of Certiorari. However On 2-16-2012 The Court denied relief On the Writ. Stating that it found that there was no need for further review. "See Exhabit #F with Original Motion.

Two of the Miss. Supreme Justices were in favor of the Writ being granted and gave seperate statement as to why the writ should be granted "See" Exhabit B in Original Motion.

Now Petitioner would move this respected Court to grant him Habeas Corpus relief based on the record evidence of the Sixth Amendment Confrontation right violation. Also take into Consideration the given Statement of the Supreme Court Justices which supports Petitioners Contention in his Original motion in this instant Case.

– Argument #1

Under the requirement of the intervening Decision of The United States Supreme Court in <u>Bullcoming V New Mexico</u> 131 S. CT. 2705, U.S. ___ (No. 09-10876) (10-14-2008) Petitioner Glenn E. Grose was denied Due Process of law, in violation of the 5th and 14th Amendment to the United States Constitution where the Prosecution failed to introduce testimony from the witness which Certified

The Documents used to Prove Prior Convictions which thereby deprived the Petitioner of his right to Confrontation and thereby invalidated the habitual Portion of the indictment and Sentenced imposed.

IN The Case Sub Judice, the State Proceeded to Convict Grose of the Principle Crimes of Sexual Battery and Felony Child Neglect. The Court then, following Conviction, following amendment of the indictment, imposed a habitual Sentence. No Witness to the Certification of the Prior Convictions used to Prove habitual status were Called to testify.

The United States Supreme Court recently rendered the decision in the Case of _Bullcoming V. New Mexico_, 131 S.Ct. 2705 U.S. ___ (No. 09-10876) (June 23 2011). Which held that for testimonial evidence to be admissible, the 6th amendment demands what the Common law required: unavailability of the Witness and a Prior Opportunity for Cross-examination. The State entered testimonial evidence regarding the Prior Conviction Certification without a Witness to Support Such Certification or to undergo Cross examination or Confrontation.

IN The instant Case the State used documentation evidence of Certified Copies of the Prior Convictions of Grose to Prove Grose to be a habitual offender and the States use of this evidence was without the testimony of the Person who actually Performed the examination and Certification of Such record. Such evidence was entered by the testimony of a third Party. The State,

Merely asserting that the documentation was a certified copy of the record being held in the custody of the individual having the record on file. The United States Supreme Court have now determined, by its intervening decision in *Bullcoming*, that such a practice was illegal. In Bullcoming, 131 S. Ct. 2705 at 2713, the Court pointed out that the question is whether the Confrontation Clause permits the the prosecution to introduce a report made in order to prove a fact at a criminal trial, through the In-court testimony of another who did not sign the certification of the report nor personally performed or observed the performance of the examination in the certified report. In this event, the court was referring to the State being allowed to introduce proof by certified documents without being qualified to assert that the State was present during the examination of the record and personally observed same.

The issue here would be whether the Confrontation Clause permits the prosecution to introduce purported certified records of prior convictions (made in order to prove a fact at a criminal trial. That is a fact which must be proven beyond a reasonable doubt the fact that Grose had been previously convicted twice and had been sentenced to and served, at least one year for each of the two convictions and sentences and that such services was completed within the confines of a State or federal penal institution, through the introduction of the claimed certified records without the testimony of anyone (much less without the testimony of the person who prepared and signed the certified records.

-Pge-9

For testimonial evidence to be admissible, the 6th Amendment demands what the common law required: unavailability of the witness and a Prior Opportunity for Cross-examination. See Bullcoming, Supra, at 2713 (quoting Michigan v. Bryant, 562 U.S. In relying upon the Second Part of the Bullcoming holding the demand for the Prior Opportunity for Cross-examination because the habitual offender in Mississippi never gets this Opportunity Prior to the Sentencing trial to Cross examine the Person who actually Certified the record.

Under Bullcoming, evidence is "testimonial" if it is Prepared and Presented by the Prosecution for the Primary Purpose of establishing or Proving Past events Potentially relevant to later Prosecution. See Bullcoming, Supra. at 2713-2714, n. 6 In the Instant Case the Prosecution has the Pen-Pak Prepared and Presented for the Sole Purpose of establishing and Proving the Past event of having actually been Convicted of and being Sentenced to and served 1 year or more on each of two Prior Convictions as it is Potentially relevant to the later Prosecution under Miss. Code Ann. Sec. 99-19-83 under Bullcoming, the alleged Certified Prior Conviction records, or Penitentiary records are testimonial and, therefore, within the Compass of the Confrontation Clause.

As the Bullcoming Court Put it "the [Person] who writes [Certified records or Penitentiary records] That the Prosecution introduces [To Prove a fact beyond a reasonable doubt] Must be Made available for Confrontation even if they Possess the Veracity of Mother Teresa."

See Bullcoming, Supra, at 2715 quoting Melendez-Diaz. Consequently, "In short, when the State elected to introduce [Court Clerks, or Penitentiary Personnels] Certification [Said Clerk or Personnel] became a Witness [The habitual defendant] had the right to Confront. [and Supreme Court] Precedent Cannot Sensibly be read any other way" See Bullcoming, Supra, at 2726, Citing Melendez-Diaz.

On 6-23-11 The United States Supreme Court decided the Intervening decision of Bullcoming v. New Mexico 564 U.S. __ No. 09-10876, in regard to this exact same issue. The Bullcoming decision provided the additional authority which broke the Camels back. The Bullcoming Court expanded upon the United States Supreme Court's decision in Crawford v. Washington 541 U.S. 36 (2004) Where in Crawford the Court Overruled the rule in Ohio v. Roberts 448 U.S. 56 (1980), which interpreted the Confrontation Clause to allow admission of absent witness testimonial statements based on a Judicial determination of reliability. Crawford held that fidelity to the Confrontation Clause Permitted admission of testimonial statements of witnesses absent from trial Only where the declarant is unavailable, and Only where the defendant has had an Opportunity to Cross-examine, Michigan v. Bryant, 562 U.S. __ (2011); Bullcoming v. New Mexico 564 U.S. __ (2011). The decision rendered by the Supreme Court in Bullcoming bolster Glenn Brose Claim raised here. The Bullcoming decision demonstrates that relief from the Conviction is warranted. A New Sentencing Proceeding Should be Ordered

— Pge-11-

with the individual who Performed the Certification of the record being made available for testimony in the trial or for Confrontation and Cross examination. Grose should be entitled to hear the testimony of the Person who Prepared the Certification of the record used to establish his eliaibility for enhancement of the sentence.

In the case Sub Judice, the individual which Performed the Certification Never testified as to the truthfulness of the finding.

The United States Supreme Court made Clear in *Davis* that it will Not Permit the testimonial statement of one witness to enter into evidence through the in court testimony of a Second. *Davis v. Washington* 547 U.S. 813, 826 (2006). That is exactly what would be accomplished here if this Court allow the Procedure of merely introducing a Certified Copy of a Prior Conviction into evidence and asserting it to be Sufficient to find habitual status without any testimony from the certifying individual

In Bullcoming, the United State Supreme Court Clarified that the 6th Amendment's Confrontation Clause gives the accused in all Criminal Prosecutions the right to be Confronted with the witness against him. In *Crawford v. Washington* 541 U.S. 36, 59, the Supreme Court held that the clause Permits admission of testimonial statements of witnesses absent from trial Only where the declarant is unavailable, and only where the defendant has had a Prior opportunity to Cross examine."

In Bullcoming, Supra, the controlling language of the decision held that:

> We granted Certiorari to address this question: Does the Confrontation Clause permit the Prosecution to introduce a forensic laboratory report containing a testimonial certification, made in Order to Prove a fact at a Criminal Trial, through the in-court testimony of an analyst who did not sign the Certification or Personally Perform or observe the Performance of the test reported in the Certification. 561 U.S. ___ (2010) Our answer is in line with Controlling Precedent. As a rule, if an out of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the Statement is unavailable and the accused has had a Prior opportunity to confront that witness. Because the New Mexico Supreme Court Permitted the testimonial statement of one witness i.e. Caylor, to enter into evidence through the in-court testimony of a second Person i,e, Razatos, we reverse that Courts Judgment.

Just as in the Bullcoming Case, the Prosecution, in the instant Case, never asserted that the Person who Performed the actual Certification was unavailable. The record showed only that the State introduced the documents as being Certified Copies of Prior Convictions. As the Supreme Court found in _Bullcoming Supra_, when the State elected to introduce the Certified documents, the Person who Performed the Certification became a witness which Grose had the right to Confront. The Supreme Courts Precedent Cannot sensibly be read any other way.

See Melendez-Diaz, 557 U.S. at ___ (Slip op at 6)(Kennedy J. dissenting)(Courts holding means the analyst who must testify is the person who signed the certificate) Grose could not be required to waive this 6th Amendment Confrontation Clause right without such a waiver being on the record and intelligently and knowingly made the same as any other 6th Amendment waiver Glenn Grose have not waived this right.

Thus this Court should find that the decision rendered in Bullcoming makes it crystal clear that Petitioner Grose is entitled to a new sentencing hearing on this issue.

The Supreme Court explained in the intervening decision of Bullcoming that more fundamentally, as the Court stressed in Crawford, Davis text of the 6th amendment does not suggest any open ended exceptions from the Confrontation requirement to be developed by the courts" 541 U.S. at 54. Nor is it "the role of Courts to extrapolate from the words of the [Confrontation Clause] to the values behind it, and then to enforce its guarantees only to the extent they serve (in the Courts' views) those underlying values" Giles v California 375 (2008). Accordingly, the Clause does not tolerate dispensing with Confrontation simply because the Court believes that questioning one witness about another's testimonial statements provides a fair enough opportunity for cross-examination. This is the exact procedure which the trial court carried out in this case. The trial court applied a

disregard to the fact that Brose was facing the rest of his natural life in Prison. Brose's rights to Confrontation and Cross-examination should have been Protected. He should have been Permitted to Confront the Person who actually Performed the Certification of the documents which the State alleged as Proof of Prior Conviction. Anything other than that would not have satisfied the Confrontation requirement in effect at that time and will not come close to satisfying the Bullcoming ruling which adopts and reinforces an even stronger Policy of Confrontation and Cross examination of the individual who Performed the Certification and endorsed the document. In this Case that Person was not the State of Mississippi or it's Prosecutor.

## Conclusion

Petitioner Brose would move this honorable Court to grant habeas Corpus relief in this regards to this claim and reverse and remand the Sentences and direct re-sentencing

Respectfully Submitted
/s/ John Brose #93456
Petitioner
M.C.C.F.-C-C-1
833 West St.
Holly Springs, MS. 38635

Cases     Table of Authorities     Page

Hill v. Johnson 210 F.3d 481 485 (5th Cir. 2000) ___ 5

William v. Taylor 529 U.S. 362 (2000) ___ 5

William v. Puckett 283 F.3d 272 (5th Cir. 2002) ___ 5

Bullcoming v New Mexico 131 S.Ct. 2705 U.S. (No. 09-10876) ___ 7,8,9,11,12,13

Michigan v Brayant 562 U.S. ___ 11

Crawford v. Washington 541 U.S. 36 (2004) ___ 11,12

Ohio v. Roberts 448 U.S. 56 (1980) ___ 11

Davis v. Washington 547 U.S. 813 826 (2006) ___ 12

Giles v California 325 (2008) ___ 14

Other Authorities

28 U.S.C. 2241
28 U.S.C. 2254
28 U.S.C. 2244 (d)+(d)(1)
28 U.S.C. 2254

State of Mississippi
County of Marshall

Affidavit of Oath Pursuant to
Miss. Code Ann. 99-39-9(3)

Personally appeared before me, the undersigned authority in and for the aforesaid jurisdiction Glenn E. Grose who first who first being duly sworn, do state under oath as follows:

I Glenn E. Grose do hereby swear that I am a citizen of the United States and do hereby state that the information contained in the aforegoing Traverse is true and correct to the best of my knowledge and a factual certainity. I state these facts under the Penalty of Perjury i bring this action in good faith and believe that i am entitled to the relief which i seek by such sort and if i be found in any misconduct i am prepared to bear the consequences there of.

_____ #93456
affiant

Sworn to and Subscribed before me this _____ day of _____ 2013

_____          _____
my Commission expires                Notary Public

Certificate of Service

This is to Certify that I Glenn E. Grose M.D.D.C. #93456 Have this day Caused to be Mailed through the Internal Mailing System a True and Correct Copy of the foregoing Traverse Motion to the following Persons:

Pro Se law Clerk
David Crews
P.O. Box 704
Aberdeen, Ms. 39730

Attorney General
Jim Hood
P.O. Box 220
Jackson Ms. 39205

This the 24 day of Sep 2013

Respectfully
_____ #93456
Petitioner

M.C.C.F. -C-C-1
833 West St.
Holly Springs Ms. 38635

